UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HUEY L. GOWDY,                          :
                                        :    NO. 1:01-CV-00235
          Petitioner,                   :
                                        :
                                        :    **ORDER**
     v.                                 :
                                        :
                                        :
HARRY K. RUSSELL, WARDEN,               :
                                        :
          Respondent.                   :

After exhausting all his state court appeals, Petitioner Huey Gowdy ("Gowdy") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), advancing claims that he was deprived of various constitutional rights that would have ensured him a fair jury trial in the Hamilton County Court of Common Pleas. After briefing by the parties, the assigned Magistrate Judge issued a Report and Recommendation (doc. 15) finding that Gowdy failed to satisfy his burden under 28 U.S.C. § 2254 and recommending that the petition therefore be denied. Gowdy filed objections thereto (doc. 17), rendering the matter ripe for decision.

Gowdy raised three grounds for relief in his petition; he now objects to the Magistrate Judge's conclusion that all are meritless. First, he claims that his right to equal protection secured by the Fourteenth Amendment to the United States Constitution was violated when the prosecutor "exercised a race-

based challenge of an African-American male juror" in violation of the Supreme Court's holding in Batson v. Kentucky, 476 U.S. 79 (1986)(doc. 16). Second, he insists the he was deprived of his due process rights by the trial judge's allowance of the state to "elicit testimony about the details of a prior rape charge for which [he] was acquitted" (Id.). Finally, he contends that his counsel's performance at his trial was constitutionally infirm, violation of his Sixth and Fourteenth Amendment rights. Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation de novo, and it finds it thorough, well reasoned, and ultimately proper.

As the Magistrate Judge noted, a state prisoner is not entitled to federal habeas relief unless the state court's adjudication of his claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362, 402-03 (2000); Harris v. Stovall, 212 F.3d 940, 942 (6th Cir. 2000). A state court decision is "contrary to" clearly established federal law under § 2254(d)(1) if the state court arrives at a legal conclusion opposite that reached by the Supreme Court or

decides a case differently that the Supreme Court has on materially indistinguishable facts. Williams, 529 U.S. at 405-06; Harris, 212 F.3d at 942. By comparison, the second "unreasonable application" prong is satisfied if the state court either identifies the correct legal standard applicable to the facts of the case but unreasonably applies it thereto or unreasonably extends – or refuses to extend – an established legal principle to a new context. See Williams, 529 U.S. at 407-08. A writ may not issue merely because this Court finds the state-court decision as to a particular matter incorrect; rather, the decision must be unreasonable in light of the Supreme Court precedent existing at the time the decision was made before the petitioner is entitled to habeas relief. Williams, 429 U.S. at 411-12; McGhee v. Yukins, 229 F.3d 506, 510-512 (6th Cir. 2000).

    As to Gowdy's Batson claim, the Magistrate Judge correctly noted that the state courts analyzed it under the proper legal standard. It is now beyond question that a prosecutor's utilization of peremptory challenges to excuse jurors of a defendant's race from the jury for that sole reason denies that defendant his rights to equal protection secured by the Constitution. See Batson, 476 U.S. at 85-89; United States v. Harris, 192 F.3d 580, 586 (6th Cir. 1999). Assuming that Gowdy's prima facie claim under Batson was met, Gowdy is unable to demonstrate by clear and convincing evidence that the trial court's ruling as to this issue – and the subsequent state appellate

-3-

affirmation of this issue - was clearly erroneous.  See Purkett v. Elem, 514 U.S. 765, 769 (1995)(per curiam); Hernandez v. New York, 500 U.S. 352, 366 (1991).  The prosecutor advanced race-neutral reasons for the decision to strike the juror in question.[1]  Upon reviewing the record in this case, Gowdy has failed to demonstrate that these reasons were implausible or that, in fact, the decision to strike the juror was motivated by purposeful discrimination. See Hernandez, 500 U.S. at 369.  Accordingly, this claim fails.

Gowdy's second claim avers that the testimony regarding his prior rape charge at his trial was inadmissible prior-bad act evidence and that, as a result, its admission deprived him of a fair trial.[2]  This claim only becomes constitutionally objectionable – and therefore qualifies for habeas relief – if the admission of the evidence "rises to the level of depriving the defendant of fundamental fairness" at his trial.  Serra v. Michigan Dept. of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993); see also 28 U.S.C. 2254(a).  Assuming that this ground was not waived, it must be noted that defense counsel initially introduced this

---

[1] As the Magistrate Judge correctly noted, Gowdy does not allege that the decision to strike the juror on the basis of his religion was a violation of due process.  See United States v. Stafford, 136 F.3d 1109, 1114 (7th Cir.), as amended, 136 F.3d 1115 (7th Cir. 1998).

[2] The Magistrate Judge properly concluded that Petitioner fails to state a valid ground for habeas relief to the extent that he seeks to base his claim only upon violation of the Ohio Rules of Evidence.  See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Pulley v. Harris, 465 U.S. 37, 41 (1984).

information to impeach the victim's credibility on direct examination.  The prosecutor's additional exploration of these prior charges was arguably proper to rehabilitate her testimony and to test Gowdy's veracity.  In light of the limiting instructions offered by the trial court, it cannot be said that the reviewing Ohio courts' decisions overruling this ground of error was sufficiently erroneous to satisfy the constitutional threshold or that the admission of the testimony rendered the trial fundamentally unfair.  See, e.g., Dowling v. United States, 493 U.S. 342 (1990); Estelle, 502 U.S. at 68-70; Spencer v. Texas, 385 U.S. 554, 560-61 (1967).

Finally, the Magistrate Judge's analysis of Gowdy's ineffective assistance of counsel claim is both thoughtful and thorough.  Gowdy ultimately fails to demonstrate that his counsel's trial conduct violated the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984).  While his counsel's decisions were not ultimately successful, they were not so deficient as to be constitutionally objectionable, and the Ohio courts' decisions as to these claims are neither contrary to nor involve an unreasonable application of the Strickland standard.

All that remains for decision, therefore, is whether a certificate of appealability should issue with respect to any of Petitioner's claims or whether the Court should grant him leave to proceed on appeal of this Order in forma pauperis.  The Court

answers both in the negative. Gowdy has failed to make a substantial showing of the denial of any constitutional right in his claims; accordingly, issuance of a certificate of appealability would be improper. See 28 U.S.C. § 2253(c). Furthermore, any appeal of this Order could not be taken in good faith, and denial of leave to proceed in forma pauperis is therefore warranted.

Accordingly, the Magistrate Judge's Report and Recommendation (doc. 8) is hereby ADOPTED IN ITS ENTIRETY. Gowdy's Petition for Writ of Habeas Corpus (doc. 1) is DISMISSED WITH PREJUDICE. The Court DECLINES to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). The Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order may not be taken in good faith. Leave to proceed in forma pauperis on appeal of this Order is therefore DENIED.

SO ORDERED.


Dated: March 30, 2005          s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge